## Case No. 14,048.

### The TILLIE.

[7 Ben. 382.] [1]

District Court, E. D. New York. July, 1874. [2]

COLLISION—LONG ISLAND SOUND—TUG AND TOW—FALSE LOG—FABRICATED EVIDENCE.

1. A tug was taking a tow of canal-boats through Long Island Sound eastward, and was

---

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 14,049.]

overtaken by the propeller T. just after sundown March 24th, 1873. The T. struck one of the boats in the second tier of the tow, causing damage for which the owner of the boat brought suit against the propeller. No fault was alleged against the canal-boat; but, in defence, the T. set up an extreme darkness of the night, and her master, when examined as a witness, produced a log-book, purporting to have been kept by him, to show it and also the time of the collision. *Held*, that, upon the evidence, the log-book must be thrown out as fabricated, and with it the testimony it was brought to support; and, no other sufficient defence appearing, the boat was entitled to recover against the propeller.

2. A proved fabrication of evidence, unexplained, will compel an adverse decree.

In admiralty.

R. D. Benedict and Henry R. Wing, for libellant.

Beebe, Wilcox & Hobbs, for respondents.

BENEDICT, District Judge. This action is brought to recover of the steamboat Tillie the damages received by a canal-boat in a collision, which occurred on the Sound about nightfall on the 24th of March, 1873. The canal-boat was one of nine boats, at the time being towed through the Sound to the eastward by the tug U. S. Grant. Her locality in the tow was on the port side of the second tier from the stern. When the Grant and her tow was near the Stepping-Stones, the tow was caught up with by the Tillie, also bound eastward, and the latter vessel, coming up behind, ran into the canal-boats in tow of the Grant, with speed unslackened, and, striking the libellant's boat in the stern, caused the damage in question.

No fault is attributed to the canal-boat, and she is conceded to be entitled to recover of one tug or the other, or of both. She proceeds against the Tillie alone, and alleges that the accident arose from the failure of the Tillie to see the tow ahead of her when she might easily have done so. The defence of the Tillie is, that the night was so dark as to render it impossible to see the canal-boats at any distance.

In this controversy a material question of fact, and the controlling one, relates to the darkness at the time of the collision. Incidental to this question is that of the time of the collision. The accident happened just after sundown on the 24th of March; and, to sustain the statement of those on the Tillie, that at the time it was so dark that it was impossible for them to see the canal-boats which the Grant had in tow until upon them, a log-book is produced, which the captain of the Tillie swears was the log-book of his vessel kept by him at the time, in which book the entries of March 24th contain the statement, written by him at the time, as he says, that the collision occurred at 6:50 p. m., and it was then very dark.

This log-book is challenged by the libellant, and it has been plainly charged that the log-book is a false log, fabricated for this action, in order to support the defence

here set up. It seems needless to discuss in detail the points of evidence which are relied on to discredit the log. Unquestionably there are features, connected with the book, that are calculated to cast great suspicion upon it, which there has been no effort to explain. It is sufficient here to say that the absence of explanation, the manner of witnesses when interrogated in respect to the entries in the log, the failure to produce the other book which it appears was kept, and the conflicting statements of the witness in respect to the entry of the collision made in the log, have led me with great reluctance to the conclusion that the charge of the libellant against this log is true. This conclusion disposes of the case; for, in a conflict of evidence such as the case presents, the production of a fabricated log warrants the rejection of the testimony which it is brought to support. If possible, it ought never to happen that a case sought to be supported by a fabricated log-book should succeed; and while charges of this kind are not to be listened to unless based upon strong evidence, if they are supported by testimony and remain unanswered on the evidence, they compel an adverse decree. Let a decree be entered for the libellant, with a reference to ascertain the amount.

[On appeal to the circuit court, the above decree was affirmed. Case No. 14,049.]