**NATIONAL TRANSPORT CORP., as Owner of the Tanker, National Defender, Plaintiff-Appellee,**

**v.**

**The TUG ABQAIQ, her engines, boilers, etc., and Arabian American Oil Company, Inc., Defendants-Appellants.**

**No. 175, Docket 32995.**

United States Court of Appeals Second Circuit.

Argued Oct. 28, 1969.

Decided Dec. 11, 1969.

Alvin L. Stern, New York City (Melvin J. Tublin and Poles, Tublin, Pates-

tides & Stratakis, New York City, on the brief), for plaintiff-appellee.

Arthur M. Boal, New York City (Boal, McQuade & Fitzpatrick, New York City, on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and MEDINA and FEINBERG, Circuit Judges.

PER CURIAM:

The findings are not clearly erroneous. On the contrary the testimony and the exhibits do no more than present the usual questions of fact, and Judge Cooper has stated the factual issues and disposed of them in a comprehensive and lucid opinion, reported at 294 F.Supp. 1080 (S.D.N.Y.1968). The critical finding is the one rejecting the version of the docking operation testified to by Jaber Mohammed, captain of the Tug Abqaiq I, who appeared in person at the trial. Judge Cooper did not believe Mohammed and he credited the testimony of appellee's witnesses, who described the pounding of the stem of the Tug against the National Defender's starboard bow. Various circumstances, including the fact that the damage was not discovered until the Tanker arrived in Japan, merely go to the question of credibility.

This is true also of the log entry of the National Defender on the page dated September 3, 1961 which actually was made after the damage was discovered by Mr. Hall at Sasebo, Japan. Judge Cooper commented that the entry was "misleading" on its face because "it causes one to believe that the damage was discovered on September 3rd whereas in fact it was not detected until September 21st." 294 F.Supp. at 1084 n. 17. This characteristic of the entry put the burden of explanation on the appellee. Judge Cooper's decree for the appellee impliedly concluded that the entry was not fraudulent, and he manifested this belief with his statement that he accepted the testimony of Captain Maycroft and members of his crew over that of Captain Mohammed. The testimony of Captain Maycroft and the crew corroborated the statements in the log entry. Compare Lykes Bros. S.S. Co. v. Union Carbide & Carbon Corp., 253 F.2d 444, 448 (5th Cir. 1958); The Tillie, 23 F.Cas. 1266, 1267 (No. 14,048) (E.D. N.Y.1874), aff'd, 23 F.Cas. 1267 (No. 14,049) (C.C.E.D.N.Y.1876). Therefore, we cannot say, as the appellants contend we should, that the "misleading" entry casts so dark a cloud of suspicion over the appellee's case as to make it virtually impossible for the appellee to prevail. Compare Villaneuva Compania Naviera, S.A. v. S.S. Matilde Corrado, 211 F. Supp. 930, 934 (E.D.Va.1962) with Gratsos v. The Moisie Bay, 287 F.2d 706, 708 (4th Cir. 1961); Andros Shipping Co. v. Panama Canal Co., 184 F.Supp. 246, 259 (D.Canal Zone 1960), *aff'd on other* grounds, 298 F.2d 720 (5th Cir. 1962); and *The* Tillie, *supra.*

The rule of law governing the case was the one Judge Cooper applied. It is not strictly speaking a case of *res ipsa loquitur,* nor did Judge Cooper say it was. Under all the circumstances as found by him such damage in a docking operation would not be expected in the absence of negligence by the Tug. See, e. g., The Steamer Webb, 81 U.S. (14 Wall.) 406, 20 L.Ed. 774 (1871); Simkins v. R. L. Morrison & Sons, 107 F.2d 121 (5th Cir. 1939); The Clarence P. Howland, 16 F.2d 25 (2d Cir. 1926); Kiernan v. Lake Champlain Trans. Co., 273 F. 499 (2d Cir. 1921); The W. G. Mason, 142 F. 913, 915 (2d Cir. 1905); Geo. W. Rogers Cons. Corp. v. Tug Ocean King, 252 F.Supp. 657 (S.D.N.Y.1965). Accord, Bisso v. Waterways Trans. Co., 235 F.2d 741 (5th Cir. 1956); The Anaconda, 164 F.2d 224, 228 (4th Cir. 1947) and cases cited therein. The attempt to rebut this presumption of negligence failed simply because Judge Cooper did not believe any part of Captain Mohammed's testimony.

Decree affirmed.